[Crim. No. 2901.   Third Dist.   Oct. 6, 1959.]

THE PEOPLE, Respondent, v. ERNEST N. CRAYTON, Appellant.

John E. Barbeau, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

PEEK, Acting P. J.—Defendant appeals from a judgment entered upon a jury verdict finding him guilty of the possession of narcotics in violation of section 11500 of the Health and Safety Code, and from the order of the trial court denying his motion for a new trial.

Two contentions are made by defendant: One, that he was convicted upon evidence obtained by an illegal search and seizure; and two, that the court erred in refusing to compel disclosure of the names of informants.

The record shows that on January 9, 1957, at about 5 a. m., the defendant registered under an assumed name at a Sacramento motel and was assigned to room number 15. He also gave a false address in Stockton when registering. He stated another person was with him and was charged the daily rate for two persons. A sign was posted in the room indicating that the checkout time was 12 noon. Some time between 12:30 and 1 p. m., and while the motel manager and her husband were removing defendant's belongings from the room he had rented, two inspectors from the California Bureau of Narcotics Enforcement approached. They asked if a person of defendant's description had rented a room the previous night, and upon being informed that room number 15 had been occupied by such a person, they requested permission to search it. Pursuant to their request, the manager admitted them to the room. During their search they discovered, hidden under a drawer in the dresser, a box of 82 capsules, each of which contained a white substance later identified as heroin. In a further search two rubber sacks were found concealed in a lamp shade which likewise were later determined to contain heroin. The inspectors maintained a watch on the room, and the following morning at approximately 5 a. m. the defendant and one Frank Smith were arrested when they attempted to enter the room. Upon being shown the box containing the heroin capsules, but prior to its being opened, the defendant stated, "Man, they sure must have wanted to frame me good by placing all that stuff there." When shown the capsules, and before there was any indication of the nature of the contents, the defendant further stated, "Those aren't mine. I don't use heroin and I don't sell heroin and I have never seen those before. They must belong to somebody else." The inspectors, subsequent to their search of the room, also inspected the luggage which the manager had removed and found therein four measuring spoons.

In *People* v. *Gorg,* 45 Cal.2d 776 [291 P.2d 469], it

was held that whether the defendant was in fact a tenant, servant or guest of the owner, the latter had a right to authorize a search when he believed he had at least joint control of the premises; that under such circumstances, the officers were justified in concluding that the owner had the authority he purported to have, and hence there was nothing unreasonable in the officers acting accordingly. The court concluded, at page 783, that the evidence obtained under such circumstances ". . . cannot be excluded merely because the officers may have made a reasonable mistake as to the extent of the owner's authority." This conclusion was quoted with approval in the later case of *People* v. *Caritativo*, 46 Cal.2d 68 [292 P.2d 513]. From the record as summarized, it is apparent that the present case is factually stronger than either of those cited. It follows that under the rule above enunciated there was sufficient evidence to support the conclusion that defendant's occupancy of the room ended at 12 noon; that therefore the manager, having complete control of the premises, had the right to remove the defendant's belongings and prepare the room for a future guest, and hence the search was legal.

Defendant's second contention is likewise without merit. It is based upon the unwarranted assumption that the information received by Inspector House from confidential informants was necessary to establish the legality of the search and seizure. If the search of the room was proper (and we have concluded it was), then of course the narcotics which were found as a result of that search were legally obtained. Necessarily, therefore, any question relating to the reliability of the information which the officers received at the outset of the investigation, and whether or not their reliance thereon was reasonable, were matters wholly outside the issues. Stated otherwise, the evidence uncovered by the inspectors establishing the commission of a crime was in no way dependent upon information received from unnamed informants.

The judgment and order are affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.